VINCENT J. VELARDO (13610)
GREG SODERBERG (14016)
**LITCHFIELD CAVO LLP**
420 E. South Temple, Suite 510
Salt Lake City, Utah 84111
Phone: 801-410-4982
velardo@litchfieldcavo.com
soderberg@litchfieldcavo.com

Attorneys for Defendant The Tor Project, Inc.

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES SEAVER and DEBORAH SEAVER, as parents and heirs of G.S., deceased,<br>      Plaintiffs,<br>v.<br>The ESTATE of ALEXANDRE CAZES, deceased, a citizen of Canada, formerly doing business as ALPHABAY; THE TOR PROJECT, INC. aka THE ONION ROUTER, a Massachusetts non-profit corporation; CHINA POSTAL EXPRESS & LOGISTICS COMPANY aka CHINA POST aka CHINA COURIER SERVICES CORPORATION, a Chinese corporate or governmental entity; and EMS COOPERATIVE dba EXPRESS MAIL SERVICE, a foreign entity,<br>      Defendants. | **THE TOR PROJECT, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FOR FAILURE TO STATE A CLAIM AND SUPPORTING MEMORANDUM**<br><br>Civil Case No: 2:18-cv-00712-DB-DBP<br><br>Honorable Dee Benson<br>Magistrate Judge Dustin Pead |

# MOTION

The Tor Project, Inc., ("Tor") submits this Motion to Dismiss for Lack of Personal Jurisdiction and For Failure to State a Claim and Supporting Memorandum. Plaintiffs' claims against Tor should be dismissed because this Court lacks personal jurisdiction over Tor, as Plaintiffs' claims are barred by the Communications Decency Act, 47 U.S.C. § 230, and the acts of other third-parties are not fairly attributable to Tor.

# MEMORANDUM

## BACKGROUND FACTS

Plaintiffs' Complaint alleges that Plaintiffs James and Deborah Seaver's minor son, G.S., used the Tor Browser to access the AlphaBay website to purchase U-47700. Compl. ¶¶ 14–15 doc. 2.[1] Plaintiffs allege that G.S.'s death was caused by ingesting U-47700 on or about September 11, 2016. *Id.* ¶¶ 9–10.

Tor is free software for enabling anonymous communication.[2] To use the Tor Browser, a person would need to first visit Tor's website to download the free

---

[1] Plaintiffs' non-conclusory allegations are treated as true for purposes of this Motion only.
[2] Wikipedia, Tor (anonymity network), https://en.wikipedia.org/wiki/Tor_(anonymity_network)#Tor_Browser; Fed. R. Civ. P. 201 (regarding judicial notice); *Tal v. Hogan*, 453 F.3d 1244, 1265 (10th Cir. 2006) ("facts subject to judicial notice may be considered in a Rule 12(b)(6)

software.[3] When downloaded, installed, and used by an end-user such as G.S., the Tor Browser automatically starts Tor background processes and routes Internet traffic through the Tor network, which relays traffic through a free, worldwide, volunteer overlay network. The Tor network provides security to a user's location and Internet usage to anyone conducting network surveillance or traffic analysis. Tor does not have the ability to monitor the activity of software users.

Tor is a general-purpose tool, like a hammer or a highway. It is used to ensure security against network snooping and even receives funding from the United States State Department and the National Science Foundation.[4] Tor's anonymity function is endorsed by the Electronic Frontier Foundation (EFF) and other civil liberties groups as a method for whistleblowers and human rights workers to communicate with journalists.[5] Tor users include people who wish to keep their Internet activities private from websites and advertisers, people concerned about cyber-spying, and users who are evading censorship such as

---

motion without converting the motion to dismiss into a motion for summary judgment").
[3] Declaration of Shari Steele, Executive Director of The Tor Project, Inc. ¶ 2, attached as Ex. 1.
[4] *Id.* ¶¶ 2–9; *accord* Tor's Wikipedia Page, *supra*.
[5] *Id.*

activists, journalists, and military professionals.[6] Tor currently has about two million users.[7]

Tor does not have any Utah offices or Utah-based employees. Shari Steele Decl. ¶¶ 11–12, attached as Ex. 1.[8] Tor does not market to Utah or aim its business activity at Utah. *Id.* ¶ 13. Tor does not aim its Internet activity at Utah. *Id.* ¶ 14.

## LEGAL STANDARDS

*Motion to Dismiss for Lack of Personal Jurisdiction*

In order to survive a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), a plaintiff must make a prima facie showing "that jurisdiction exists when all allegations in the complaint are viewed in a light favorable to the plaintiff." *Miner v. Rubin & Fiorella, LLC*, 242 F. Supp. 2d 1043, 1045 (D. Utah 2003). "In ascertaining the facts necessary to establish jurisdiction, the district court must accept as true the allegations set forth in the complaint to the extent they are uncontroverted by defendant's affidavits." *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th

---

[6] *Id.*
[7] *Id.*; Tor Metrics, https://metrics.torproject.org/userstats-relay-country.html.
[8] *Nutramarks, Inc. v. Life Basics, LLC*, No. 2:15-CV-00571-DN, 2017 WL 2178422, at *2 (D. Utah May 17, 2017) (unreported) ("A court may consider material outside of the pleadings in ruling on a motion to dismiss for lack of venue or personal jurisdiction.").

Cir.1984), *cert. denied,* 471 U.S. 1010 (1985). Furthermore, as in this case, to assert personal jurisdiction over a non-resident defendant, "a plaintiff must show both that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process." *Intercon Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1233, 1247 (10th Cir. 2000).

*Motion to Dismiss for Failure to State a Claim*

To survive a motion to dismiss for failure to state a claim, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is not enough for the plaintiff to plead "labels and conclusions" or to provide "a formulaic recitation of the elements of a cause of action." *Khalik*, 671 F.3d at 1190–91 (quoting *Twombly*, 550 U.S. at 555).

**ARGUMENT**

Plaintiffs' Complaint should be dismissed as to Tor because (1) the Court lacks personal jurisdiction over Tor; (2) Plaintiffs' claims are barred by the Communications Decency Act, 47 U.S.C. § 230, which provides broad immunity

to web-based service providers for all claims stemming from their publications of information created by third-parties; and (3) Plaintiffs' alleged injuries are not fairly traceable to, and were not caused by, Tor.

1. UTAH DOES NOT HAVE PERSONAL JURISDICTION OVER TOR.

Where, as in Utah, the state long-arm statute supports personal jurisdiction to the full extent constitutionally permitted, due process principles govern the inquiry. *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (citing *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir.2000)); Utah Code § 78B-3-201(3).

Under the Due Process Clause, "[t]o exercise jurisdiction in harmony with due process, defendants must have minimum contacts with the forum state, such that having to defend a lawsuit there would not offend traditional notions of fair play and substantial justice." *Shrader*, 633 F.3d at 1239 (cleaned up). Such contacts may give rise to personal or general jurisdiction. *Id.*

General jurisdiction is based on an out-of-state defendant's continuous and systematic contacts, whereas specific jurisdiction requires "purposive conduct directed at the forum state," that the plaintiff's injuries arise out of the defendant's forum-related activities, and overall that the exercise of personal jurisdiction would not offend traditional notions of fair play and substantial justice. *Id.* (quoting

6

*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1078 (10th Cir. 2008)). Tor's contacts with the forum are neither continuous and systematic, nor purposive.

    Regarding the internet context in particular, a number of Circuits, including the Tenth Circuit, in determining whether a forum has personal jurisdiction over an entity, consider "whether, when, and how such peculiarly non-territorial activities as web site hosting, internet posting, and mass emailing can constitute or give rise to contacts that properly support jurisdiction over the host, poster, or sender." *Shrader*, 633 F.3d at 1240. The Tenth Circuit has held that applying traditional due process principles to internet activity "requires some adaptation of those principles because the Internet is omnipresent." *Id.* (quoting the Fourth Circuit). "If we were to conclude as a general principle that a person's act of placing information on the Internet subjects that person to personal jurisdiction in each State in which the information is accessed, then the defense of personal jurisdiction, in the sense that a State has geographically limited judicial power, would no longer exist." *Id.* Accordingly, the Tenth Circuit evaluates whether an internet company "deliberately directed its message to an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state." *Id.* at 1241.

### A. Utah Does Not Have General Jurisdiction Over Tor.

Regarding general jurisdiction for an entity such as Tor, "the commercial contacts must be of a sort that approximate physical presence in the state—and engaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders." *Id. at 1243* (cleaned up). The Tenth Circuit stated that the "best general formulation of this niche of the law" may be that "[a] web site will subject a defendant to general personal jurisdiction only when the defendant has actually and deliberately used its website to conduct commercial transactions on a sustained basis with a substantial number of residents of the forum." *Id.* (quotation omitted).[9]

Tor does not have continuous and systematic contacts such that it is at home in Utah, neither does it deliberately conduct commercial transactions on a sustained basis with a substantial number of Utah residents. Tor does not have offices in Utah. Steele Decl. ¶¶ 11–14. It does not have employees in Utah. *Id.* It does not sell or deliver products in Utah. *Id.* Neither does Tor target a Utah audience. *Id.* Accordingly, Utah does not have general jurisdiction over Tor.

---

[9] The Tenth Circuit has taken no position on the test, adopted by other jurisdictions, using terms like "passive" and "active" and "interactive" when describing salient characteristics of web sites. *Shrader*, 633 F.3d at 1242 n.5.

### B. Utah Does Not Have Specific Jurisdiction Over Tor.

Tor cannot be subject to suit in Utah because they have not intentionally directed their website or browser at Utah. *Shrader*, 633 F.3d at 1242; Steele Decl. ¶¶ 11–14. Neither has Tor targeted a Utah audience or Utah Internet-users. Steele Decl. ¶¶ 11–14. Much less G.S. personally. *Id.*; *Shrader*, 633 F.3d at 1242. Importantly, there are no facts that suggest that Tor had some connection to Utah related to Plaintiffs' alleged injuries. Additionally, Plaintiffs' conclusory civil conspiracy allegations are insufficient to confer jurisdiction. *Shrader*, 633 F.3d at 1242. ("As we have held elsewhere, in order for personal jurisdiction based on a conspiracy theory to exist, the plaintiff must offer more than bare allegations that a conspiracy existed, and must allege facts that would support a prima facie showing of a conspiracy." (cleaned up)). Accordingly, Utah has neither general nor specific personal jurisdiction over Tor and Plaintiffs' claims against Tor should be dismissed.

### C. Requiring Tor to be Subject to Utah's Jurisdiction Would be Unfair.

"Even if the purposeful direction and arising out of conditions for specific jurisdiction are met, that is not the end of the matter. The court must still inquire whether the exercise of personal jurisdiction would offend traditional notions of

fair play and substantial justice." *Shrader* at 1240 (cleaned up). In making such an inquiry courts consider factors such as these:

> (1) the burden on the defendant, (2) the forum state's interests in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effectual relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states [or foreign nations] in furthering fundamental social policies.

*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1080 (10th Cir. 2008).

Here, it is unnecessary for the Court to analyze whether exercising personal jurisdiction over Tor would offend traditional notions of fair play and substantial justice, because Tor does not have sufficient contacts with Utah to exercise personal jurisdiction over Tor in Utah. *See Soma Medical Intern. v. Standard Chartered Bank*, 196 F.3d 1292, 1299 n. 1 (10th Cir.1999) ("Because we conclude that Soma has failed to establish that SCB has minimum contacts with the state of Utah, we need not proceed to the next step of the due process analysis, i.e., whether the exercise of personal jurisdiction over SCB would offend traditional notions of fair play and substantial justice.").

2. TOR IS IMMUNE UNDER THE COMMUNICATIONS DECENCY ACT.

Even if the Court concludes that Tor is subject to Utah jurisdiction, Plaintiffs' claims are barred by the Communications Decency Act, 47 U.S.C. § 230

(the "CDA"), which "creates a federal immunity to any state law cause of action that would hold computer service providers liable for information originating with a third party." *Silver v. Quora, Inc.*, 666 F. Appx 727, 729 (10th Cir. 2016), *cert. denied*, 137 S. Ct. 2305 (2017) (quoting *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 984–85 (10th Cir. 2000)); *accord Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (stating that the CDA provides broad immunity "to Web-based service providers for all claims stemming from their publications of information created by third parties.").

No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with the CDA. 47 U.S.C. § 230(e)(3). A person who is harmed by a website's publication of user-generated content may sue the third-party user who provided the content, "but not the interactive computer service that enabled them to publish the content online." *MySpace*, 528 F.3d at 419. "The purpose of this immunity is to 'facilitate the use and development of the Internet by providing certain services an immunity from civil liability arising from content provided by others.'" *Silver*, 666 F. Appx at 729 (quoting *F.T.C. v. Accusearch Inc.*, 570 F.3d 1187, 1195 (10th Cir. 2009)). Accordingly, Plaintiffs' strict liability, negligence, gross negligence, abnormally dangerous activity, and civil conspiracy claims are barred. 47 U.S.C. § 230(e)(3).

11

The Tenth Circuit evaluates three elements in determining whether immunity applies: first, whether the defendant is a "provider or user of an interactive computer service." *Silver*, 666 Fed Appx at 729. Second, whether the defendant's actions as a publisher or speaker form the basis for liability. *Id.* And third, whether another information content provider provided the information at issue. *Id.* Tor meets all three of these elements and is entitled to immunity.

First, Tor is a provider of an interactive computer service. An "interactive computer service" is "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer service, including specifically a service or system that provides access to the Internet." 47 U.S.C. § 230(f)(2). Tor's software at issue in this case is an Internet browser, which fits into the broad definition of "interactive computer service" because it is software that provides access to the Internet.

Second, Plaintiffs' allegations relating to Tor are that it acted as a publisher or speaker of the websites that G.S. viewed and interacted with to purchase U-4770. Plaintiffs allege that Tor may be liable because G.S. allegedly downloaded Tor's browser software and used it to navigate to the AlphaBay website and purchase U-4770. Compl. ¶¶ 9–16 doc. 2. Plaintiffs' allegations, even if artfully pled, amount to allegations that Tor was acting as a "publisher" or "speaker" of

information provided by another information content provider. 47 U.S.C. § 230(c)(1).

Third, Tor did not create or contribute to the content that G.S. viewed. Tor was merely the Internet browser used. Tor does not create website content or contribute to website content creation. Here, Tor only displayed or transmitted the information that AlphaBay or other websites created.

In *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008), the Fifth Circuit concluded that claims brought on behalf of a 14-year-old girl against MySpace, Inc., were barred by the CDA. In *MySpace*, a 14-year-old girl created a personal profile on MySpace's web-based social network. 528 F.3d at 416. The girl represented that she was 18-years-old, created a profile, communicated with 19-year-old Pete Solis, arranged to meet Mr. Solis in person, and ultimately was sexually assaulted by him. *Id.* The girl's mother sued MySpace on her behalf, alleging that MySpace failed to implement basic safety measures to prevent sexual predators from communicating with minors on its web site. *Id.*

The United States Court of Appeals for the Fifth Circuit analyzed the application of the CDA at length and recognized that "[c]ourts have construed the immunity provisions in § 230 broadly in all cases arising from the publication of user-generated content. *Id.* at 418 (citing cases).

Here, Tor is even further removed than MySpace was, in the *Doe v. MySpace* case, from the content or product that Plaintiffs allege ultimately caused G.S.'s death. Tor was the web-browser that displayed the website from which G.S. allegedly purchased the U-47700. Tor was not involved in creating or developing any content. *Id.* at 422; 47 U.S.C. § 230(f)(3). Tor may have transmitted or displayed the information created by AlphaBay or the AlphaBay seller, but it had no part in the creation of that information. Plaintiffs' claims against Tor fall squarely within the CDA's broad grant of immunity and should therefore be dismissed with prejudice.

3. PLAINTIFFS' ALLEGED INJURIES ARE NOT FAIRLY TRACEABLE TO, AND WERE NOT CAUSED BY, TOR.

Plaintiffs' broad and non-specific allegations that "Defendants were engaged in the business of marketing, distributing, selling, shipping, and transporting U-47700," Compl. at 5 ¶ 38, or that "Defendants had a duty to place safe products into the stream of commerce," *id.* at 7 ¶ 51, or that "Defendants' actions and activities were abnormally dangerous," *id.* at 8 ¶ 58, or that Tor shared in the "design, manufacture, distribution, shipping, and transport of the dangerous products at issue in this litigation," *id.* at 9 ¶ 62, are not supported as to Tor. Tor, as an Internet browser, is a completely neutral party and the actions of the individuals using the browser on one end, and the entities or individuals providing content on

14

the other end, are not traceable or attributable to Tor, neither can it be fairly said that Plaintiffs' alleged injuries were caused by Tor. *See, e.g.*, *Steffensen v. Smith's Mgmt. Corp.*, 820 P.2d 482, 486 (Utah Ct. App. 1991), *aff'd*, 862 P.2d 1342 (Utah 1993) (stating that proximate cause is "that cause which, in natural and continuous sequence, (unbroken by an efficient intervening cause), produces the injury and without which the result would not have occurred. It is the efficient cause—the one that necessarily sets in operation the factors that accomplish the injury.").[10] On its face, Plaintiffs' Complaint fails to state any claim against Tor and those claims should be dismissed with prejudice and without leave to amend.

## CONCLUSION

Plaintiffs' Complaint should be dismissed as to Tor because the Court lacks personal jurisdiction over Tor, because Tor is immune from suit under the CDA,

---

[10] Stated in constitutional terms, Plaintiffs lack standing to assert claims in federal court against Tor because there is no causal connection between Plaintiffs' alleged injury and the challenged action of Tor. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiffs' alleged injuries are not "fairly traceable to the challenged action of the defendant," and are instead, "the result of the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560. Tor recognizes that other parties may be brought before this Court at some point during the litigation, and therefore does not press its standing argument at this time, but will raise it later if appropriate. *Taylor v. Roswell Indep. Sch. Dist.*, 713 F.3d 25, 29 (10th Cir. 2013) ("The presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement.").

and because the co-Defendants' actions are not fairly attributable to Tor. Plaintiffs' claims against Tor should be dismissed with prejudice and without leave to amend.

Dated this 24th day of October, 2018.

                                    **LITCHFIELD CAVO, LLP**

                                    /s/ Greg Soderberg
                                    VINCENT J. VELARDO
                                    GREG SODERBERG
                                    Attorneys for Defendant The Tor Project, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **THE TOR PROJECT, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FOR FAILURE TO STATE A CLAIM AND SUPPORTING MEMORANDUM**, in Case No. 2:18-cv-00712-DB-DBP in the United States District Court, District of Utah, Central Division, was filed via CM/ECF, on the 24th day of October, 2018, giving electronic notice of such filing to the following:

**Counsel for Plaintiff**
Jeffrey D. Gooch
J. Angus Edwards
JONES WALDO HOLBROOK & MCDONOUGH, P.C.
170 South Main Street, Suite 1500
Salt Lake City, Utah 84101
jgooch@joneswaldo.com
aedwards@joneswaldo.com

/s/ Adrianna E. Hebard
ADRIANNA E. HEBARD