JEFFREY D. GOOCH (7863)
J. ANGUS EDWARDS (4563)
**JONES WALDO HOLBROOK & MCDONOUGH, P.C.**
170 South Main Street, Suite 1500
Salt Lake City, Utah 84101
Tel.: (801) 521-3200
jgooch@joneswaldo.com
aedwards@joneswaldo.com

*Attorneys for the Seavers*

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES SEAVER and DEBORAH SEAVER, as parents and heirs of G.S., deceased,<br><br>    Plaintiffs,<br><br>v.<br><br>The ESTATE of ALEXANDRE CAZES, deceased, a citizen of Canada, formerly doing business as ALPHABAY; THE TOR PROJECT, INC. aka THE ONION ROUTER, a Massachusetts non-profit corporation; CHINA POSTAL EXPRESS & LOGISTICS COMPANY aka CHINA POST aka CHINA COURIER SERVICES CORPORATION, a Chinese corporate or governmental entity; and EMS COOPERATIVE dba EXPRESS MAIL SERVICE, a foreign entity,<br><br>    Defendants. | **MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND SUPPORTING MEMORANDUM**<br><br><br>Case No.: 2:18-cv-00712-DB-DBP<br><br>Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

---

Plaintiffs James and Deborah Seaver, by and through counsel, pursuant to Fed. R. Civ. P. 15(a), move this Court for leave to file the Amended Complaint in the form attached as **Exhibit A**.

**RELIEF SOUGHT AND GROUNDS FOR RELIEF**

Plaintiffs propose to file an Amended Complaint for the sole purpose of adding the United States Postal Service ("USPS") as an additional defendant.  Plaintiffs were unable name the USPS as a defendant when their Complaint (Dkt. 2) was filed, because Plaintiffs were barred from filing litigation against the USPS until expiration of the time prescribed for USPS to adjudicate the claims under 28 U.S.C. § 1346(b) and 26 U.S.C. § 2675.  USPS failed to adjudicate Plaintiffs' notice of claims within the time permitted and, therefore, Plaintiffs seek to commence litigation against USPS.

Plaintiffs are in the complicated and disputed process of serving defendants domiciled in China and Thailand.  Thus, service of process has not been completed on all the foreign defendants.  Because all the defendants have not been served, no discovery has been conducted by the parties and a scheduling order has not been entered.  Plaintiffs served The TOR project, a Massachusetts company, on September 19, 2018 (Dkt. 4).  On March 14, 2019, EMS Cooperative aka Universal Postal Union ("UPU"), a Swiss entity, filed a submission regarding service of the Complaint (Dkt. 21).  On May 20, 2019, this Court dismissed The TOR Project as a defendant (Dkt. 23).  On May 30, 2019, this Court ordered that, with respect to UPU, it would address any objections to a summons only "if presented with an appropriate filing or motion consistent with the Federal Rules of Civil Procedure" (Dkt. 25).

The joinder of USPS as a defendant will not delay the litigation or require an amendment of the scheduling order, since service of the foreign defendants is incomplete and no scheduling order has been entered.  No party will have to file an amended answer.  No discovery will have to be duplicated.  This Court will not have to amend any of its orders.  Thus, no party will be

2

prejudiced by the filing of the Amended Complaint.  Under the liberal standard for amendment of pleadings in Rule 15(a), leave to amend should be granted.

## **RELEVANT FACTS**

1.      On August 16, 2018, Plaintiffs sent to USPS their Notice of Claim and Standard Form 95, as required by 28 U.S.C. §2675, 39 U.S.C. § 409, and 30 C.F.R. § 912.5.  On September 6, 2018, USPS sent a letter to Plaintiffs disclosing that it had received the claim on August 20, the claim was assigned to the USPS's National Tort Center, and advising Plaintiffs that USPS had six months to adjudicate the claim (the "USPS Letter").  A copy of the USPS Letter is attached as **Exhibit B.**

2.      During the six-month adjudication period and up the present date, USPS has not sent any additional correspondence to Plaintiffs, nor has it sent notice of final denial of the claim. See 39 C.F.R. § 912.3.

3.      Plaintiffs filed their Complaint on September 7, 2018 (Dkt. 2).

4.      The TOR Project ("TOR") was served with a Summons and Complaint on September 19, 2018 (Dkt. 4).

5.      On September 26, 2018, this Court issued a Summons as to China Postal Express & Logistics (Dkt. 6).

6.      On October 24, 2018, TOR filed its motion to dismiss (Dkt. 13).

7.      On May 20, 2019, this Court entered its Memorandum Decision and Order granting TOR's motion to dismiss (Dkt. 23).

1573828.1

8.      On May 23, 2019, this Court issued a second Summons as to China Postal

Express & Logistics after the process server in China requested changes to the first Summons

(Dkt. 24).

## ARGUMENT

Rule 15(a) provides that a court considering a motion for leave to amend "should freely

give leave when justice so requires."  Thus, "liberal granting of leave to amend reflects the basic

policy that pleadings should enable a claim to be heard on its merits."  *Calderon v. Kan. Dept. of

Social & Rehabilitation Servs.*, 181 F.3d 1180, 1185–86 (10th Cir. 1999).  When an amendment

would permit a plaintiff to "pursu[e] a valid claim," the "general rule" is for leave to be granted.

*Donnell v. Taylor*, No. 2:09-cv-127, 2010 WL 3200239, *2 (D. Utah Aug. 12, 2010).  The

Supreme Court has indicated that district courts may withhold leave to amend only when the

movant has shown undue delay, bad faith, dilatory motive, when the movant has repeatedly

failed to cure deficiencies in previous amendments, when an amendment would cause the

opponent undue prejudice, or when the amendment would be futile.  *U.S. ex rel. Ritchie v.

Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009).

Plaintiffs' claims against USPS are valid and they should be heard on the merits.

Plaintiffs have good faith reasons to file the Amended Complaint, they have not previously

sought to amend the Complaint, and, in seeking to add USPS as a defendant, they have not

engaged in undue delay.  The addition of USPS merely adds claims that could not have been

made before the administrative process required to file suit was exhausted.

Plaintiffs do not expect any party to oppose the filing of the Amended Complaint.

However, none of the defendants will be unduly prejudiced by the addition of USPS as a

defendant, since they will not have to file amended answers, duplicate any discovery, nor will litigation be delayed by joining USPS.  *See Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (typically, courts only find prejudice when an amendment unfairly affects opponents in preparing their responses to the amendment).  No defense tactics and strategies will have to be changed as a result of the filing of the Amended Complaint.  For example, the claims against USPS are so similar to the claims against the other defendants that only four paragraphs were added to the Complaint to create the Amended Complaint.  In fact, other than USPS, the other defendants should favor the filing of the Amended Complaint, because it will ensure that all potentially-liable parties are in a single lawsuit and it will enable them to file cross-claims for allocation of fault.

## CONCLUSION

Plaintiffs request that they be granted leave to file their Amended Complaint for the foregoing reasons.

DATED: June 21, 2019.

JONES, WALDO, HOLBROOK & MCDONOUGH, P.C.

By:  */s/ J. Angus Edwards*                           
       Jeffrey Gooch
       J. Angus Edwards
       *Attorneys for the Seavers*

## **CERTIFICATE OF SERVICE**

I certify that on June 21, 2019, I caused a true and correct copy of the foregoing **MOTION**

**FOR LEAVE TO FILE AMENDED COMPLAINT AND SUPPORTING MEMORANDUM**

to be filed using the Court's electronic filing system, providing notice of filing to the following:

 Vincent J. Velardo (velardo@litchfieldcavo.com)
 Greg Soderberg (soderberg@litchfieldcavo.com)
 LITCHFIELD CAVO LLP
 420 E. South Temple, Suite 510
 Salt Lake City, Utah 84111

 *Attorneys for The Tor Project, Inc.*


     By: */s/ J. Angus Edwards*_____

6